

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# USA v. Adderly

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Adderly" (2009). *2009 Decisions.* Paper 2048.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2048

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3753

———————

UNITED STATES OF AMERICA

v.

NEZZY ADDERLY,

<u>Appellant</u>

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 06-00548)
Honorable Bruce W. Kauffman, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
December 3, 2008

BEFORE:  AMBRO and GREENBERG, <u>Circuit</u> <u>Judges</u>,
and RODRIGUEZ, <u>District</u> <u>Judge</u>*

Filed: January 13, 2009

———————

OPINION OF THE COURT

———————

GREENBERG, <u>Circuit</u> <u>Judge</u>.

———————

*The Honorable Joseph H. Rodriguez, Judge of the United States District Court for the
  District of New Jersey, sitting by designation.

This matter comes on before this Court on an appeal from the District Court from a judgment of conviction and sentence in this criminal case entered on September 14, 2007. A grand jury indicted defendant-appellant Nezzy Adderly for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and being an armed career criminal so that his sentence was subject to the enhanced sentence provisions of 18 U.S.C. § 924(e). After Adderly moved to suppress the firearm as evidence, the District Court held an evidentiary hearing on his motion on April 17, 2007, at which six witnesses testified. On April 24, 2007, the Court denied the motion in a memorandum and order setting forth findings of fact and conclusions of law.

Thereafter Adderly and the Government enter into a plea agreement pursuant to which Adderly entered a plea of guilty preserving his right to appeal from the denial of his motion to suppress. The District Court imposed the mandatory minium custodial sentence of 180 months to be followed by a three-year term of supervised release. Adderly now appeals, advancing the sole issue that the Court erred in denying his motion to suppress.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. Inasmuch as this case involves a ruling under <u>Terry v. Ohio</u>, 392 U.S. 1, 88 S.Ct. 1868 (1968), in which the Court made findings of fact and reached conclusions of law, we exercise dual standards of review. First, we review the Court's factual findings for clear error and then we exercise <u>de novo</u> review over its conclusions of law, including its finding that the police had reasonable suspicion to

2

satisfy the criterion for a limited search under <u>Terry</u> when they recovered the firearm. <u>United States v. Roberson</u>, 90 F.3d 75, 76-77 (3d Cir. 1996).

The District Court found that the Philadelphia police officers observed Barbara Forrest engaged in drug sales transactions in front of a small bar in a high narcotics and crime area in Philadelphia. After the transactions Forrest entered the bar, following which the police rushed in to arrest her. As the police came in Adderly, who was in the bar, ran for its back door. At the hearing Adderly gave an innocent explanation for this incriminating conduct as he explained that he was a disc jockey at the bar and was going to the door to retrieve his stereo equipment from his automobile. There is no suggestion in the record, however, that the police officers who entered the bar knew either of Adderly's alleged employment or purpose in attempting to leave the bar and in his brief he does not claim that they did. In any event, Adderly was not able to leave the bar because the police stopped him and then patted him down and found the firearm.

In its factual findings the District Court concluded that the officer who conducted the search "had reasonable suspicion to stop and frisk" Adderly because the police were in a high crime area and knew that there was narcotics trafficking at the bar. Moreover, the Court, notwithstanding Adderly's innocent explanation for leaving the bar, in an unassailable finding of fact believed that Adderly was attempting to flee and there is no doubt at all that the officers believed the same thing. Of course, Adderly's conduct was highly suspicious because it was "unprovoked flight upon noticing the police." <u>Illinois v. Wardlow</u>, 523 U.S. 119, 125, 120 S.Ct. 673, 676 (2000).

We recognize that it could be argued that the police should not have regarded Adderly as a threat to them because he was attempting to leave the scene. Under this argument inasmuch as a <u>Terry</u> search is justified by the need to discover weapons that might be used to assault the police, it might seem reasonable to contend that by fleeing Adderly was eliminating need for the search and to be safe the police merely had to allow him to leave the bar. <u>See</u> <u>Terry</u>, 392 U.S. at 30, 88 S.Ct. at 1884. But the problem with that argument is apparent because Adderly would not have left the area merely by exiting the bar, so if he left the bar he would remain a threat so long as he was nearby.

Adderly cites <u>Ybarra v. Illinois</u>, 444 U.S. 85, 91, 100 S.Ct. 338, 342 (1979), contending on the basis of that case that his mere presence at the bar did not justify the search. Though clearly an officer does not automatically have reasonable suspicion justifying a search merely because a crime is being committed in an area where the person to be searched is present, <u>Ybarra</u> does not help him because there were more factors than Adderly's mere presence at the scene that justified the search here. In this case the events were taking place in a high drug crime area, there were open drug transactions being conducted, there were only six or seven people in the bar, and Adderly ran when the police came into the bar. We are satisfied that when we "consider the totality of the circumstances" the search was justified. <u>United States v. Robertson</u>, 305 F.3d 164, 167 (3d Cir. 2002).

The judgment of conviction and sentence entered September 14, 2007, will be affirmed.