ALD-087                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4391
_____

NEZZY ADDERLY,
                              Appellant,

v.

DONNA ZICKEFOOSE, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 11-cv-06450)
District Judge: Robert B. Kugler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2012
Before:   SLOVITER, FISHER AND NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 27, 2012)
_____

OPINION
_____

PER CURIAM

        Appellant Nezzy Adderly was indicted in the United States District Court for the

Eastern District of Pennsylvania for being a convicted felon in possession of a firearm in

violation of 18 U.S.C. § 922(g), and being an armed career criminal, 18 U.S.C. § 924(e).

Adderly moved to suppress the firearm as evidence, and, after the sentencing court held

an evidentiary hearing, the motion to suppress was denied.  Thereafter, Adderly pleaded

guilty, preserving his right to appeal from the denial of his motion to suppress.  He was

sentenced to the mandatory minimum term of imprisonment of 180 months, to be followed by a three-year term of supervised release. We affirmed in <u>United States v. Adderly</u>, 306 Fed. Appx. 766 (3d Cir. 2009) (police had reasonable suspicion to satisfy criterion for limited search under *Terry* when they recovered the firearm).

In July, 2009, Adderly filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, in which he contended that his trial counsel was constitutionally ineffective for advising him to plead guilty to being an armed career criminal and for failing to object at sentencing to the classification; and for advising him to plead guilty and thereby waive the fact-finding aspect of a trial. Adderly was appointed counsel. In Objections to a Report and Recommendation filed by the Magistrate Judge, Adderly argued that three of his prior convictions should have been counted as one for purposes of applying the armed career criminal statute, 18 U.S.C. § 924(e)(1).[1]

The District Court denied the section 2255 motion. The court determined that Adderly's ineffectiveness claims lacked merit. In doing so, the court concluded that Adderly was an armed career criminal under 18 U.S.C. § 924(e). The court reasoned that:

> Clearly, these five convictions, which all constitute violent felonies under § 922(e)(2)(B), were "committed on occasions different from one another," triggering [Adderly's] classification under § 922(e)(1) as an armed career criminal. Although three of [his] cases were "consolidated" for sentencing

---

[1] The armed career criminal statute provides that:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years. . . .

18 U.S.C. § 924(e)(1).

> on May 8,1985, the criminal activities were separated by intervening events. . . . Moreover, even if these three convictions were to count as only one because they were consolidated for sentencing, the Court is persuaded that [he] would still have a total of three previous convictions that would qualify him as an armed career criminal under § 924(e)(1) (*i.e.*, the additional conviction for aggravated assault on May 9, 1985 and the conviction for conspiracy – robbery on July 8, 1988).

United States v. Adderly, 2010 WL 1047689, *3 (E.D. Pa. March 19, 2010). Adderly appealed at C.A. No. 10-1902, and we denied his request for a certificate of appealability on August 17, 2010.

Adderly, who is incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey in November, 2011. He argued that he is actually innocent of his 15-year sentence under 18 U.S.C. § 924(e)(1), because his prior convictions were not crimes of violence, see id. at § 924(e)(2).[2] In an order entered on November 10, 2011, the District Court dismissed the habeas corpus petition for lack of jurisdiction, finding no basis for application of section 2255's "safety valve" in Adderly's attempt to relitigate the issue of his armed career criminal sentence enhancement.

Adderly appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised the parties that we might act summarily under Third Cir. LAR 27.4 and I.O.P. 10.6 to dispose of the appeal. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review here is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995). Adderly was invited to submit argument in writing, and he has submitted a summary action response.

---

[2] The term "violent felony" for purposes of the statute" means any crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B).

We will summarily affirm because no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to collaterally challenge a federal conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective merely because the sentencing court denied relief. "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.1986).

Adderly seeks to collaterally attack his armed career criminal sentence of 15 years in a federal habeas corpus petition. His claim of innocence amounts only to an assertion that his sentence was improperly determined. The sentencing claim does not fall within the purview of the savings clause. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (Apprendi v. New Jersey, 530 U.S. 466 (2000), dealt with sentencing and did not render conspiracy to import heroin, the crime for which [petitioner] was convicted, not criminal). In In re: Dorsainvil, 119 F. 3d 245, 251 (3d Cir. 1997), we held that a petitioner could seek relief under 28 U.S.C. § 2241 in an unusual situation where he was being detained for conduct that subsequently was rendered non-criminal by an intervening Supreme Court decision, see id. at 252, and where he had no prior opportunity to present his claim. Adderly did not allege that his felon-in-possession conduct is now regarded as non-criminal, and there has been no change in the law regarding what constitutes a violent crime for section 924(e)(2) purposes. Moreover, he

4

had a prior opportunity to challenge the legality of the armed career criminal enhanced sentence. Accordingly, the District Court was without jurisdiction to entertain his federal habeas corpus petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Adderly's federal habeas corpus petition for lack of jurisdiction.