ALD-031                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3117
_____

NEZZY ADDERLY,
                                                    Appellant
v.

DONNA ZICKEFOOSE, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 11-cv-06450)
District Judge: Robert B. Kugler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 2, 2012

Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges
(Opinion filed:  November 15, 2012)
_____

OPINION
_____

PER CURIAM.

     Appellant Nezzy Adderly pleaded guilty in the United States District Court for the

Eastern District of Pennsylvania to violating 18 U.S.C. § 922(g), and to being an armed

career criminal under 18 U.S.C. § 924(e).  He was sentenced to the mandatory minimum

term of imprisonment of 15 years and three years of supervised release.  We affirmed in

1

<u>United States v. Adderly</u>, 306 Fed. Appx. 766 (3d Cir. 2009). In July, 2009, Adderly filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, which was denied. See <u>United States v. Adderly</u>, 2010 WL 1047689 (E.D. Pa. March 19, 2010). Adderly appealed at C.A. No. 10-1902, and we denied his request for a certificate of appealability on August 17, 2010.

On November 2, 2011, Adderly filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, where he is confined. He argued that he is actually innocent of his 15-year sentence under 18 U.S.C. § 924(e)(1), because his predicate crimes are not violent felonies under the ACCA, see <u>id.</u> at § 924(e)(2). In a memorandum in support, Adderly argued that he objected to the use of the prior convictions at his sentencing hearing, but the objection went unresolved. The District Court dismissed the habeas corpus petition for lack of jurisdiction, finding no basis for application of section 2255's "safety valve." The District Court further noted that Adderly had already raised his claim that his state offenses should not qualify as violent felonies in his section 2255 proceedings, and he could not use habeas corpus to relitigate this issue. We summarily affirmed on January 27, 2012, see <u>Adderly v. Zickefoose</u>, 459 Fed. Appx. 73 (3d Cir. 2012) (prisoner's challenge to armed career criminal sentence does not fall within purview of savings clause).

Several months later, Adderly filed a post-judgment item in the District Court titled "Motion for Adequate Representation of Defendants," requesting that counsel be appointed to represent him. In the interest of justice, he argued, counsel should be

appointed because he may have a valid claim under our not precedential decision in Pollard v. Yost, 406 Fed. Appx. 635 (3d Cir. 2011). He further argued that he had no earlier opportunity to challenge his sentence on the basis of an intervening change in the law, citing Johnson v. United States, 130 S. Ct. 1265 (U.S. 2010) (defendant's prior battery conviction under Florida law not violent felony under ACCA); Chambers v. United States, 555 U.S. 122 (2009) (failure to report conviction under Illinois law not a violent felony under ACCA); and Begay v. United States, 553 U.S. 137 (2008) (driving under influence conviction under New Mexico law not violent felony under ACCA). In an order entered on July 11, 2012, the District Court denied the motion on the basis of lack of subject matter jurisdiction.

Adderly appeals. We have jurisdiction over Adderly's post-judgment motion. See Isidor Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145 (3d Cir. 1993); Plymouth Mut. Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389, 391 (3d Cir. 1967). Our Clerk advised the parties that we might act summarily under Third Cir. LAR 27.4 and I.O.P. 10.6 to dispose of the appeal. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Adderly has filed a motion for appointment of counsel on appeal, raising the same arguments he raised before the District Court.

We will summarily affirm because no substantial question is presented by this appeal. In deciding whether to appoint counsel, the District Court should consider as a threshold matter whether the petition has arguable merit in fact or law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). As explained by the District Court, Adderly's case is

3

closed.  He would thus need to seek reopening of the judgment in order to proceed with a counsel motion, and he has not done so.  We note that Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment only for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, … misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged … ; or (6) any other reason that justifies relief."  Fed. R. Civ. Pro. 60(b).

In Pollard, a panel of this Court held that subject matter jurisdiction over the prisoner's claim of actual innocence of an armed career criminal sentence was lacking.  Accordingly, the District Court properly denied his habeas corpus petition, 28 U.S.C. § 2241.  However, the District Court's order was affirmed on the basis that the prisoner had not shown that a failure to consider his actual innocence claim would work a miscarriage of justice; the issue of whether the safety valve could be applied to a sentencing claim of actual innocence – for example, where a subsequent change in the law regarding what constitutes a predicate crime renders the sentence invalid – was left open.  Pollard, 406 Fed. Appx. at 638.

Although we consider here only whether the District Court properly denied Adderly's post-judgment counsel motion, it does not appear that Pollard provides a basis for reopening his habeas corpus case, even if he had filed a Rule 60(b) motion.  As a threshold matter, Pollard was decided on January 24, 2011, in plenty of time for Adderly to rely on it in his November, 2011 habeas corpus petition.  Cf. Gonzalez v. Crosby, 545

4

U.S. 524, 531-32 (2005) (Rule 60(b) motion which seeks to advance substantive claim that was omitted from original petition is in substance impermissible successive habeas corpus petition). The other cases cited by Adderly, <u>Johnson</u>, <u>Chambers</u>, and <u>Begay</u>, also were decided well before he filed his section 2241 petition. Moreover, Adderly pleaded guilty to being an armed career criminal. Having pleaded guilty, we see no complete miscarriage of justice sufficient to justify habeas corpus jurisdiction. As we explained in <u>Pollard</u>, because it was a plea agreement that determined the sentence, it cannot be determined whether the sentence would have been shorter had <u>Johnson</u>, <u>Chambers</u>, and <u>Begay</u> already been decided, <u>see</u> <u>Pollard</u>, 406 Fed. Appx. at 638 & n.4.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Adderly's post-judgment "Motion for Adequate Representation of Defendants." Adderly's motion for appointment of counsel on appeal is denied.