**CLD-253**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2176
_____

IN RE: NEZZY ADDERLY,
                                                  Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 06-cr-00548-001)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
May 23, 2013

Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Nezzy Adderly pleaded guilty in the United States District Court for the

Eastern District of Pennsylvania to the crime of being a convicted felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g), and the crime of being an armed career

criminal, in violation of 18 U.S.C. § 924(e) (the "ACCA").  He was sentenced to the

mandatory minimum term of imprisonment of 15 years, to be followed by a three-year

term of supervised release. We affirmed in <u>United States v. Adderly</u>, 306 Fed. Appx. 766 (3d Cir. 2009).

On July 21, 2009, Adderly filed a motion to vacate sentence, 28 U.S.C. § 2255. He contended that his trial counsel was constitutionally ineffective for advising him to plead guilty to being an armed career criminal and for failing to object at sentencing to the classification; and for advising him to plead guilty and thereby waive the fact-finding aspect of a trial. He also claimed that his prior state robbery convictions should have been counted as one for purposes of applying the armed career criminal statute. The District Court denied the section 2255 motion. <u>See</u> <u>United States v. Adderly</u>, 2010 WL 1047689 (E.D. Pa. March 19, 2010). The court set forth a chart of Adderly's criminal convictions, and concluded that Adderly had more than the requisite number of predicate violent felonies. <u>Adderly</u>, 2010 WL 1047689, at *3. We denied his request for a certificate of appealability, <u>see</u> C.A. No. 10-1902.

On June 20, 2012, Adderly filed a motion under Rule 60(b)(1) in his section 2255 proceedings, arguing that the judgment should be reopened because he is not an armed career criminal under several Supreme Court decisions, <u>Johnson v. United States</u>, 559 U.S. 133 (2010); <u>Chambers v. United States</u>, 555 U.S. 122 (2009); and <u>Begay v. United States</u>, 553 U.S. 137 (2008). In an order entered on August 2, 2012, the District Court denied the Rule 60(b) motion. Adderly appealed, and we denied his request for a certificate of appealability on the ground that the Rule 60(b) motion was in reality an unauthorized second or successive section 2255 motion, <u>see</u> C.A. No. 12-3280.

On December 12, 2012, Adderly filed a motion to reopen the section 2255 judgment under Rule 60(b)(6), in which he again argued that he did not have the required number of violent felonies to be classified as an armed career criminal. The District Court denied the motion as untimely and duplicative of the earlier Rule 60(b) motion. Adderly appealed, and we denied his request for a certificate of appealability, concluding that reasonable jurists would not find it debatable, Slack v. McDaniel, 529 U.S. 473, 484 (2000), that Adderly's latest Rule 60(b) motion was in reality an unauthorized second or successive motion to vacate sentence, and that the District Court lacked jurisdiction to consider it. See C.A. No. 12-4571.

Meanwhile, on January 4, 2013, Adderly filed an item in the district court titled "Petition in Support of Raising a Federal Question Pursuant to Title 28 U.S.C. § 1331." In this petition, Adderly argued that the District Court, in making its prior ACCA violent felonies determination, had failed to apply the categorical or modified categorical approach as required by Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005). Had the court done so, Adderly argued, it would have discovered that his three state robbery convictions pursuant to 18 Pa. Cons. Stat. Ann. § 3701 were not violent felonies under the ACCA, 18 U.S.C. § 924(e)(2)(B). Adderly has now filed a petition for writ of mandamus in this Court in which he has asked us to order the District Court to rule on the above "Petition," which remains pending in the district court. Adderly claims that he is entitled to a speedy determination of his "Federal Question" concerning whether the District Court may classify a prior conviction as a

3

violent felony under the ACCA without first conducting the categorical or modified categorical approach analysis. Petition, at 2-3.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Adderly has failed to make the required showing. The "Petition in Support of Raising a Federal Question" presents the same issue he has tried unsuccessfully to pursue in his two Rule 60(b) motions, and like his Rule 60(b) motions, it seeks to advance one or more substantive claims attacking his armed career criminal sentence. It thus qualifies as second or successive section 2255 motion which cannot proceed in the district court without prior authorization from a court of appeals. Cf. Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005). See also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Section 2255 of title 28 provides the exclusive basis for jurisdiction over Adderly's collateral attack on his conviction and sentence; the federal question jurisdictional statute, 28 U.S.C. § 1331, does not supply an independent basis for jurisdiction. See Monk v. Secretary of Navy, 793 F.2d 364, 371 (D.C. Cir. 1986). Accordingly, we will not order the District Court to rule expeditiously on the pending "Petition."

4

For the foregoing reasons, we will deny the petition for writ of mandamus.