**ALD-157**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1416
_____

IN RE: NEZZY ADDERLY,
                                                          Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court for the
Eastern District of Pennsylvania
(Related to D.C. Crim. No. 2-06-cr-00548-001)

_____


Submitted Pursuant to Fed. R. App. Pro. 21
February 27, 2014

Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Filed: March 10, 2014)
_____

OPINION
_____


PER CURIAM

        Petitioner Nezzy Adderly was convicted in the United States District Court for the

Eastern District of Pennsylvania of the crime of being a convicted felon in possession of

a firearm, in violation of 18 U.S.C. § 922(g), and the crime of being an armed career

criminal, in violation of 18 U.S.C. § 924(e) (the "ACCA").  He was sentenced to the

mandatory minimum term of imprisonment of 15 years.  We affirmed in United States v.

Adderly, 306 F. App'x 766 (3d Cir. 2009). On July 21, 2009, Adderly filed a motion to vacate sentence, 28 U.S.C. § 2255, which the District Court denied. See United States v. Adderly, 2010 WL 1047689 (E.D. Pa. March 19, 2010). The District Court set forth a chart of Adderly's criminal convictions, and concluded that he had more than the requisite number of predicate violent felonies. Adderly, 2010 WL 1047689, at *3. Adderly appealed, and we denied his request for a certificate of appealability, see C.A. No. 10-1902.

On June 20, 2012, Adderly filed a motion under Rule 60(b) in his section 2255 proceedings, arguing that the judgment should be reopened because he is not an armed career criminal under these Supreme Court decisions: Johnson v. United States, 559 U.S. 133 (2010); Chambers v. United States, 555 U.S. 122 (2009); and Begay v. United States, 553 U.S. 137 (2008). In an order entered on August 2, 2012, the District Court denied the Rule 60(b) motion. Adderly appealed, and we denied his request for a certificate of appealability on the ground that the Rule 60(b) motion was in reality an unauthorized second or successive section 2255 motion, see C.A. No. 12-3280. On December 12, 2012, Adderly filed another Rule 60(b) motion, in which he again argued that he did not have the required number of violent felonies to be classified as an armed career criminal. The District Court denied the motion as untimely and duplicative of the earlier Rule 60(b) motion. Adderly appealed, and we denied his request for a certificate of appealability, concluding that reasonable jurists would not find it debatable, Slack v. McDaniel, 529 U.S. 473, 484 (2000), that Adderly's latest Rule 60(b) motion was in reality an

2

unauthorized second or successive motion to vacate sentence, and that the District Court lacked jurisdiction to consider it.  See C.A. No. 12-4571.

Meanwhile, on January 4, 2013, Adderly filed an item in the district court titled "Petition in Support of Raising a Federal Question Pursuant to Title 28 U.S.C. § 1331." In this petition, Adderly argued that the District Court, in making its prior ACCA violent felonies determination, had failed to apply the categorical or modified categorical approach as required by Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005).  Had the court done so, Adderly argued, it would have discovered that his three state robbery convictions pursuant to 18 Pa. Cons. Stat. Ann. § 3701 were not violent felonies under the ACCA, 18 U.S.C. § 924(e)(2)(B).  When the District Court did not timely rule on this "Petition," Adderly filed a petition for writ of mandamus in this Court.  We denied mandamus relief, concluding that the January, 2013 "Petition" presented the same issue Adderly had tried unsuccessfully to pursue in his prior Rule 60(b) motions, and like his Rule 60(b) motions, it sought to advance one or more substantive claims attacking his armed career criminal sentence.  It thus qualified as second or successive section 2255 motion which could not proceed in the district court without prior authorization from a court of appeals.  See In re: Adderly, 522 F. App'x 151, 153 (3d Cir. 2013).

In June, 2013, Adderly sought leave in this Court to file a second or successive section 2255 motion, contending that he had newly discovered evidence -- the record of his three 1985 robbery convictions and 1988 conspiracy to commit robbery conviction –

3

to prove that he is not an armed career criminal under the "modified categorical approach" of <u>Shepard</u>, 544 U.S. 13.  We denied him leave to file a second or successive section 2255 motion, concluding that he could not meet the gatekeeping requirements of section 2255(h), and that the federal question jurisdictional statute, 28 U.S.C. § 1331, did not supply an independent basis for jurisdiction over his collateral attack on his armed career criminal sentence, <u>see</u> C.A. No. 13-2474.

In September, 2013, Adderly filed another Rule 60(b) motion, seeking to reopen his section 2255 proceedings.  The District Court denied the motion, and we again denied Adderly a certificate of appealability on the ground that the District Court lacked jurisdiction to consider it, <u>see</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005).  In our order denying a certificate of appealability, we advised Adderly that the continued filing of frivolous pleadings could lead to financial sanctions and restrictions, <u>see</u> C.A. No. 13-3990.

At issue now, Adderly again seeks mandamus relief because the District Court still has not ruled on his January 4, 2013 "Petition in Support of Raising a Federal Question Pursuant to Title 28 U.S.C. § 1331."

We will deny the petition for writ of mandamus.  Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law."  A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.  <u>See</u> <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402 (1976).  To justify the use of this

4

extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). The "Petition in Support of Raising a Federal Question" seeks to advance one or more substantive claims attacking Adderly's armed career criminal sentence. As we previously explained, it thus qualifies as second or successive section 2255 motion which cannot proceed in the district court without prior authorization from a court of appeals (which we have previously denied). Although a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), and a 14-month delay usually presents a due process issue, see Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (court's congested docket did not justify 14-month delay in adjudicating habeas corpus petition); Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978) (district court's 14-month delay in adjudicating petition following remand from appeals court denied petitioner due process), where jurisdiction is lacking in the first instance, as it is here, it cannot be said that a litigant's right to an expeditious ruling is "clear and indisputable."[1]

For the foregoing reasons, we will deny the petition for writ of mandamus.

---

[1] Adderly is free to write to the District Court and request a ruling on his January, 2013 petition.