Doyle A. JONES, Petitioner,

v.

The Honorable Terry L. SHELL, United States District Judge for the Eastern District of Arkansas, Respondent.

No. 78–1242.

United States Court of Appeals, Eighth Circuit.

April 6, 1978.

---

Doyle Anthony Jones, pro se.

Jim Guy Tucker, Atty. Gen., Little Rock, Ark., for appellee.

## ORDER GRANTING CERTIFICATE OF PROBABLE CAUSE

Before LAY and ROSS, Circuit Judges.

PER CURIAM.

This matter comes before us on the filing in this court of two petitions for writs of mandamus directing the district court to rule on a petition for habeas corpus entitled *Jones v. Mabry, Commissioner, Arkansas*

*Department of Correction,* No. PB–C–76–242 (E.D.Ark., filed March 16, 1976). In view of the fact that the trial court entered an order dismissing the petition for habeas corpus on March 7, 1978, the first petition for mandamus, filed on January 22, 1978, is dismissed as moot. Petitioner filed a second petition for mandamus on March 16, 1978, setting forth the long procedural history of his case and requesting this court to reopen the case; we treat this petition as a notice of appeal in petitioner's habeas corpus case, No. PB–C–76–242, and as an application for a certificate of probable cause. We grant the certificate of probable cause and require the State of Arkansas to show cause why summary reversal should not be granted petitioner on this appeal.

Petitioner originally sought a writ of habeas corpus in March of 1976. The cause was transferred from Judge Eisele to Judge Shell.[1] Without requiring responsive pleading from the State, Judge Shell denied the writ on September 23, 1976. On appeal to this court the State of Arkansas confessed error in that the district court did not pass on petitioner's claim that he "had no knowledge of the crime he had committed which resulted in his conviction and sentence to the Arkansas Department of Correction and that his parole was revoked without a hearing." We remanded the cause for responsive pleading and further review by the district curt. *Jones v. Mabry,* 553 F.2d 102 (8th Cir. 1977).

For some unknown reason the district court delayed entering an order requiring the State to respond to these charges until May 12, 1977, some four months later. At this time the State was given 20 days to respond to the charges. In August of 1977, after petitioner filed a motion for default judgment, the State finally filed a "motion to dismiss" asserting that petitioner had failed to exhaust his state remedies because he had not appealed to the Arkansas Supreme Court from a denial of post-conviction relief by the state trial court. Judge Shell once again failed to act. After peti-

---

1. In view of the transfer, the motion to substitute Judge Shell for Judge Eisele as respondent in the petition for a writ of mandamus is granted.

tioner filed a petition for mandamus in this court in January 1978, Judge Shell, in response, then entered an order granting the State's motion to dismiss on March 7, 1978.

 We find a flagrant violation of our mandate of January 13, 1977, by the district court in failing to act within a reasonable time upon this court's order of remand. The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time.[2] This is especially true upon remand of a pending petition from this court. In this case the entire proceeding should have been handled within 30 to 60 days of our order. Busy court dockets cannot justify a 14-month delay in processing this claim from the date of remand. Petitioner has been seeking relief since March of 1976. We find this delay has denied petitioner constitutional due process.

 A good deal of the blame lies with the State of Arkansas. After conceding error before this court in January 1977, the State waited seven months before responding and then, without filing a responsive pleading, the State set up the defense of failure to exhaust state remedies. We find the State lacking in good faith in asserting this pleading without at least alternatively complying with this court's order and the district court's direction to respond to the petitioner's allegations. The exhaustion doctrine is one of comity and where petitioner's claim has been deliberately delayed by the State the federal district court should not become a catalyst for further delay by insisting upon exhaustion. *Cf. Mucie v. Missouri State Department of Corrections,* 543 F.2d 633 (8th Cir. 1976). Whether the exhaustion defense is a valid one here is beside the point.[3] Habeas corpus procedure should not be so dilatory or technical as to deny a petitioner a hearing and ruling on the merits of his claim within a reasonable time.

Under the circumstances, the State is given 15 days in which to respond in this court as to:

(a) petitioner's allegations that he has no knowledge of the crime he had committed which resulted in his conviction and sentence to the Arkansas Department of Correction; and

(b) petitioner's allegations that his parole was revoked without a hearing.

The State is further ordered to show cause why summary reversal and remand to the district court for an immediate review of petitioner's claim should not be granted.

Further order of this court shall issue upon receiving the State's response.

---

**2.** The writ must be construed to afford "a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia,* 372 U.S. 391, 400, [83 S.Ct. 822, 828, 9 L.Ed.2d 837] (1963).

**3.** The ground asserted by the State and adopted by the trial court is incorrect. The fact that petitioner did not appeal the denial of post-conviction relief is not conclusive of his failure to exhaust state remedies unless he has knowingly and deliberately waived the appeal. *See Cain v. Missouri,* 518 F.2d 1180 (8th Cir. 1975).