Frank J. RUIZ, Petitioner,

v.

Elmer O. CADY, Superintendent, Wisconsin State Reformatory, Respondent.

No. 78–C–170.

United States District Court,
E. D. Wisconsin.

July 18, 1978.

Howard B. Eisenberg, State Public Defender, Madison, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen. by Nadim Sahar, Asst. Atty. Gen., Madison, Wis., for respondent.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the petition of Frank J. Ruiz for a writ of habeas corpus. Mr. Ruiz was tried and convicted by a jury in the county court of Racine County of first degree murder on October 31, 1974. Upon conviction, he was sentenced to a term of life imprisonment, which he is now serving. The petitioner filed post-conviction motions, and he appealed his conviction to the Wisconsin supreme court, which affirmed on January 18, 1977. *Ruiz v. State,* 75 Wis.2d 230, 249 N.W.2d 277 (1977).

A key witness in support of the prosecution's case of intentional murder was Thomas Garcia. Mr. Ruiz' petition is based on the failure of the state to reveal to him or his attorney the existence of an agreement between the prosecutor in his case and the prosecutor in a burglary case involving Mr. Garcia. As a result of Mr. Garcia's fears of being imprisoned with Mr. Ruiz after having testified against him, the prosecutor in the Garcia burglary case agreed not to push for incarceration if Mr. Garcia testified in the Ruiz trial and if the burglary charge was not aggravated by facts such as the use of a weapon. Mr. Ruiz contends that the existence of such an agreement could have been used at trial to challenge the credibility of Mr. Garcia's testimony.

The basis for Mr. Ruiz' claim that the prosecution should have revealed the agreement is found in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in which the Court held that it is the prosecution's constitutional obligation to disclose

evidence in its possession that would be material to the defense of the accused. In *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Court identified the criteria to be used in determining whether evidence is sufficiently "material" to make its nondisclosure a constitutional error. The standard, according to *Agurs*, varies with three distinct factual settings:

1. the undisclosed evidence demonstrates that the prosecution's case included perjured testimony;

2. the defense made no request, or only a general one, for undisclosed material;

3. the defense made a specific request for the material.

In the case of perjured testimony, the Court held that a conviction must be set aside if there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." 427 U.S. at 103, 96 S.Ct. at 2397; *United States v. Weidman*, 572 F.2d 1199, 1204 (7th Cir. 1978). In the case of a general request, however, the Court found that a new trial is justified only if "the omitted evidence creates a reasonable doubt that did not otherwise exist." 427 U.S. at 112, 96 S.Ct. at 2402; 572 F.2d at 1204. Finally, in the case of a specific request, while the Court did not define the precise standard of materiality to be applied, it did indicate that a lesser showing of materiality is required than in the case of no request or a general request. 427 U.S. at 106, 96 S.Ct. 2392; 572 F.2d at 1204.

Since there is no claim that the prosecution's case included perjured testimony, and the petitioner admits that no specific request for the evidence was made, this case falls within the second factual setting. Thus, the relevant inquiry is whether the existence of the agreement regarding Mr. Garcia creates a reasonable doubt about Mr. Ruiz' guilt.

I find that the agreement does not raise such a doubt. The prosecutor in the Ruiz case explained to Mr. Garcia that even if he testified, there was no guarantee that he would not be incarcerated. Moreover, Mr.

Garcia's testimony at trial was substantially consistent with his testimony at Mr. Ruiz' preliminary hearing which took place before the agreement between the two prosecutors. *Ruiz v. State*, 75 Wis.2d 230, 238, 249 N.W.2d 277 (1977).

While it is possible that with knowledge of the agreement Mr. Ruiz' counsel might have been able to convey to the jury the idea that the agreement resulted in testimony more favorable to the prosecution than it would otherwise have been, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976).

I find that under the *Agurs* standard no constitutional violation resulted from the prosecution's failure to disclose the agreement to protect Mr. Garcia against reprisals. It follows that Mr. Ruiz' petition for habeas corpus should not be granted.

Therefore, IT IS ORDERED that the petition for habeas corpus be and hereby is denied.