**Frank J. RUIZ, Petitioner,**

v.

**Elmer O. CADY, Superintendent, Wisconsin State Reformatory, Respondent.**

**No. 78–C–170.**

United States District Court,
E. D. Wisconsin.

Jan. 15, 1981.
On Motions for Relief from Order
Jan. 26, 1981.

Charles B. Vetzner, Madison, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen. by Nadim Sahar, Asst. Atty. Gen., Madison, Wis., for respondent.

## ORDER

MYRON L. GORDON, District Judge.

This is a proceeding for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 14, 1981, counsel for the respondent, a representative of the state attorney general's office, telephonically requested an extension of time of ten to fifteen days in

which to comply with this court's order dated December 24, 1980. The latter order directed the respondent to file within twenty days of that date—by January 13, 1981—certified copies of the transcripts of the petitioner's preliminary hearing and trial and an answer to Mr. Ruiz' amended petition. The assistant state attorney general who requested an extension of time stated that the extension was necessary because the case had not yet been assigned within his office and because copies of the transcripts had not yet been requested from the trial court.

Mr. Ruiz filed his original petition on March 30, 1978. My order denying the petition on the merits was entered on July 18, 1978. *Ruiz v. Cady,* 453 F.Supp. 617 (E.D. Wis.1978). On November 7, 1980, the court of appeals for this circuit vacated and remanded for further proceedings. The mandate of the court of appeals was received here on December 3, 1980; my December 24th order was entered pursuant to that mandate.

Over the past several months, Judge Warren and I have frequently criticized the state attorney general's office for routinely requesting extensions of time in actions brought by prisoners under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254. *See Shebelski v. Israel,* Case No. 79–C–889 (E.D.Wis. May 28, 1980) (Warren, J.); *Johnson v. Cady,* Case No. 79–C–299 (E.D.Wis. June 16, 1980); *Shelley v. Percy,* Case No. 79–C–885 (letter dated July 30, 1980); *Mallory v. Cady,* Case No. 80–C–393 (E.D.Wis. July 22 and September 5, 1980) (Warren, J.). Recently, I denied a request for an extension of time in which to file a brief in response to a brief supporting a petition for a writ of habeas corpus. *Genova v. Buehler,* Case No. 80–C–802 (marginal order dated November 26, 1980).

The attorney general's practice of routinely delaying habeas corpus proceedings is particularly reprehensible in light of the fundamental purpose of the "Great Writ:" to "afford[ ] ... a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia,* 372 U.S. 391,

400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837 (1963) (quoting *Secretary of State for Home Affairs v. O'Brien,* [1723] A.C. 603, 609 (N.L.)). The Supreme Court has declared that "the writ of *habeas corpus* is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v. Johnston,* 306 U.S. 19, 26, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939) (Hughes, C. J.).

In *Jones v. Shell,* 572 F.2d 1278, 1280 (8th Cir. 1978), in a second appeal brought after a previous remand, the court of appeals commented as follows on the district judge's failure to act expeditiously pursuant to the court's mandate on remand:

"We find a flagrant violation of our mandate of January 13, 1977, by the district court in failing to act within a reasonable time upon this court's order of remand. The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time. This is especially true upon remand of a pending petition from this court. In this case the entire proceeding should have been handled within 30 to 60 days of our order." (footnote omitted).

Finding that the state deserved much of the blame for the delay, the court of appeals ordered the state to show cause why the case should not be returned to the district court for immediate review of the petitioner's claim.

█ In light of the dilatory practices of the state attorney general's office described above, and the apparent disregard for this court's orders and the eastern district's local rules which that office has displayed, I conclude that an order to show cause would serve no useful purpose. The decision of the court of appeals was dated November 7, 1980, and thus the state attorney general's office has known for over two months that the trial transcripts would be required for delivery to this court. Nevertheless, that office has apparently failed even to request copies of the transcripts. Moreover, the requested extension was communicated to this court in an informal manner and not

**52**

until a day *after* the transcripts were due to be filed. Nearly three years after Mr. Ruiz filed his petition, the state attorney general's office is still asking for additional time.

I am persuaded that further delay in this matter would constitute a denial of Mr. Ruiz' right to due process of law. *Jones v. Shell, supra,* 572 F.2d at 1280. However, without the transcripts the court has ordered the respondent to file, I am unable to proceed to a consideration of the merits of the petition in accordance with the mandate of the court of appeals. Accordingly, and not without certain misgivings, I believe it is necessary to grant the petition for a writ of habeas corpus. Obviously, this result penalizes the public for the conduct of the office of the attorney general, but the burden of any other sanction I might impose would also have to be borne by the public. The law of the land commands that the state attorney general's policy of delay in § 1983 proceedings be clearly and forcefully rejected when applied to § 2254 proceedings.

The state will be granted a ninety day stay of the order granting the writ during which time it may retry the petitioner on the offense for which he was previously convicted. If the retrial is not actually commenced within such ninety days, the stay will terminate, and the writ of habeas corpus will thereupon issue from this court.

Therefore, IT IS ORDERED that the petition of Frank Ruiz for a writ of habeas corpus be and hereby is granted and that this order be stayed for ninety days.

On Motions For Relief From Order

Before me are the respondent's motions for relief from my order dated January 15, 1981, and for an extension of time. The motion for relief is based on Rule 60(b)(1), Federal Rules of Civil Procedure, which provides that relief from judgment may be granted for "excusable neglect;" the motion is supported by an affidavit of an assistant attorney general which purports to set forth facts demonstrating excusable neglect. Both motions will be denied.

The affidavit's explanation of the reasons for the respondent's failure timely to file the required transcripts and answer or timely to request an extension of time for such filing falls far short of demonstrating excusable neglect. The affiant acknowledges that he received the court of appeals' mandate on December 3, 1980, but he did not take any steps to cause the transcripts to be delivered to this court until December 29, 1980, when he sent the file and my order dated December 24, 1980, to the office administrator for reassignment. The affidavit then blandly asserts that "from December 29, 1980, until January 14, 1981, said file and order were in the administrative channels for reassignment." Under my December 24th order, the transcripts and answer were due by January 13, 1981.

Especially in light of the nature of these proceedings, I consider this conduct to constitute bureaucratic paralysis rather than excusable neglect. This disregard for the court's orders and for the petitioner's right to a swift resolution of his habeas claims poses a threat to the orderly administration of justice. I note that the affidavit does not even address the numerous prior instances of delay and neglect on the part of the attorney general's office which were referred to in my January 15th order.

Two federal courts of appeals have adopted the following standard when faced with a party's failure to observe reasonable deadlines:

> "Unless [an] application for extended time is made so that it may be considered before the alloted time has expired, it is evidence of a lack of good faith and, failing extraordinary circumstances, it constitutes neglect which will not be excused." *Gilroy v. Erie Lackawanna Railroad Co.,* 421 F.2d 1321, 1323 (2d Cir. 1970), *quoted in Community Coalition for Media Change v. FCC,* 49 U.S.L.W. 2437 (D.C.Cir., December 22, 1980).

Applying this standard to the movant's presentation in this case, I find nothing before me which might constitute an extraordinary circumstance.

The ninety day period within which the state may commence retrial proceedings against the petitioner will run from January 15, 1981, the date of my prior order, not from the date of this order.

Therefore, IT IS ORDERED that the respondent's motions for relief from my order dated January 15, 1981, and for an extension of time be and hereby are denied.