

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# In Re: Kitano

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4110

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Kitano " (2005). *2005 Decisions.* Paper 133.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-385                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4110

_____

IN RE: ALEXANDER BLANCO KITANO,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 05-cv-00153)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
September 29, 2005

BEFORE: ROTH, BARRY AND SMITH, CIRCUIT JUDGES

(Filed: December 8, 2005)

_____

OPINION

_____

PER CURIAM

    Alexander Kitano, an inmate at USP-Lewisburg, asks that we issue a writ of

mandamus ordering the District Court to rule on his petition for a writ of habeas corpus

under 28 U.S.C. § 2254.  We have jurisdiction under 28 U.S.C. § 1651(a), and will deny

the petition.

    In 1987, Kitano pled guilty to the first-degree murder of a prison guard at a Guam

territorial prison.  He was sentenced to life imprisonment with eligibility for parole in

fifteen years.  The Guam Parole Board denied parole in 2002 and again in 2003.  Kitano eventually filed a petition for a writ of mandamus in the Guam Supreme Court, which has yet to issue a ruling.  Despite the ongoing proceedings in Guam, on January 24, 2005, he filed a § 2254 petition in the District Court for the Middle District of Pennsylvania seeking habeas relief for alleged procedural due process violations and the improper imposition of a "public safety factor" prisoner classification.  A response was filed on March 30, 2005.  Kitano responded on April 12.  The District Court has not yet ruled on the petition.  On September 6, 2005, Kitano filed the instant request for mandamus relief arguing that the District Court is unjustifiably delinquent in issuing a ruling.

Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power.  In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001).  To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a clear and indisputable right to issuance of the writ.  Id. (quoting Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996)).

While some delays may be so prejudicial that they warrant mandamus relief, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996); Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990); Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978), we do not find the five-month delay at issue here to be so prejudicial that an issuance of the writ is warranted.  Accordingly, we will deny Kitano's petition for a writ of mandamus.

2