**ALD-210**                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2129

_____

IN RE: MARIA JOSE CARRASCOSA,

Petitioner,

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the District of New Jersey
(Related to D.C. Civ. No. 12-cv-05173)

_____

Submitted Pursuant to Fed. R. App. Pro. 21
May 21, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 11, 2015)

_____

OPINION*

_____

PER CURIAM

     Maria Jose Carrascosa has filed a petition for writ of mandamus.  For the

reasons that follow, we will deny the petition.

     Carrascosa, a citizen of Spain, and Peter Innes, a United States citizen, were

married in Spain in March, 1999.  Their daughter, Victoria, was born on April 17, 2000,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

in Secaucus, New Jersey, and has dual citizenship in Spain and the United States. Innes and Carrascosa separated in 2004. On October 8, 2004, Innes and Carrascosa signed an agreement, which prohibited either of them from traveling outside of the United States with Victoria without the written permission of the other. On December 10, 2004, Innes filed for divorce in the New Jersey Superior Court. Shortly thereafter, Carrascosa filed an action in Spain seeking nullification of the marriage. On January 12, 2005, Carrascosa took Victoria to Spain without Innes's permission or knowledge. The Superior Court ordered that Victoria be returned to the United States, and Innes was granted temporary custody. In the meantime, the Spanish courts awarded custody to Carrascosa. In 2006, the Superior Court granted Innes a divorce and awarded permanent custody to him. The Superior Court ordered Carrascosa to return Victoria to the United States, and, when she failed to do so, a warrant for her arrest was issued. Carrascosa was arrested in New York and incarcerated in November, 2006, pursuant to the Superior Court's commitment order.

Carrascosa initiated habeas corpus proceedings in the United States District Court for the District Court of New Jersey, seeking to end and enjoin her civil detention. The District Court denied her petition, and we affirmed on March 20, 2008, see Carrascosa v. McGuire, 520 F.3d 249 (3d Cir. 2008), and later denied a motion to recall the mandate. Carrascosa then sought to reopen the habeas corpus judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and (4). The District Court denied this motion with prejudice for lack of subject matter jurisdiction, see Carrascosa v. United States, 2010 WL 4116990 (D.N.J. October 19, 2010), and we denied Carrascosa's application for a certificate of

appealability, see C.A. No. 10-4698, agreeing with the District Court that the Rule 60(b) motion was in reality an unauthorized second or successive habeas corpus petition.

Meanwhile, in November, 2009, Carrascosa was found guilty following a jury trial in the Bergen County Superior Court of four counts of interference with the custody of children, four counts of violating a custody and visitation order, and contempt of a judicial order. On December 23, 2009, Carrascosa was sentenced to an aggregate prison term of 14 years. Her direct appeal to the Appellate Division of the Superior Court was unsuccessful. In August, 2013, Carrascosa filed a petition for writ of habeas corpus, 28 U.S.C.§ 2254, in federal court in New Jersey, challenging the conviction and sentence, see Carrascosa v. Warden, D.N.J. Civ. No. 12-cv-05173. The District Court denied the petition in December, 2013. On January 20, 2015, we denied Carrascosa's application for a certificate of appealability, see C.A. No. 14-1074, but we disagreed with the District Court's procedural bar analysis. Although the Appellate Division of the Superior Court had dismissed Carrascosa's direct appeal because of deficiencies in her brief, the court had indicated, as recently as September 23, 2014, that Carrascosa could still attempt to pursue a direct appeal. Accordingly, we noted in our order denying her a certificate of appealability that state court remedies were not clearly foreclosed and that the District Court's dismissal should have been without prejudice to her ability to file another habeas corpus petition after she properly exhausted her state court remedies. We subsequently denied her petition for rehearing en banc.

3

On May 1, 2015, Carrascosa filed the instant mandamus petition, referencing the District Court's December, 2013 judgment in D.C. Civ. No. 12-cv-05173, and arguing that we should intervene in her habeas corpus case because she has now exhausted her state remedies and because further exhaustion should be excused in her case. Petition at 11-13. Carrascosa asserted that the Appellate Division declined to reinstate her direct appeal on March 18, 2015. She further asked that we vacate her conviction and exonerate her, id. at 27.[1]

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that she has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Carrascosa has other adequate means to obtain the relief desired and thus mandamus relief is not proper here. As a prisoner in custody pursuant to the judgment of a state, Carrascosa must rely on 28 U.S.C. § 2254 to bring claims challenging the validity of her conviction and sentence. See 28 U.S.C. § 2254(a); Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). As explained in our order denying her recent application for a certificate of appealability, the District Court's

---

[1] Carrascosa asserted in the margin that the civil commitment order was vacated and lifted on April 24, 2015. Id. at 4 n.2.

December, 2013 judgment is without prejudice to her ability to file another habeas corpus petition after she properly exhausts her state court remedies.

We note that Carrascosa is still "in custody" for purposes of habeas corpus relief even if she is now on parole (which her application suggests she might be). See Mabry v. Johnson, 467 U.S. 504, 507 n.3 (1984). We note further that our review of the district court docket in D.C. Civ. No. 12-cv-05173 indicates that, on April 1, 2015, Carrascosa filed an item in the District Court, which is labeled on the docket as an application to reopen, see Docket Entry No. 61. In it, she makes many of the same exhaustion of state remedies arguments she now makes in her mandamus petition. Although we envisioned that Carrascosa would file a new petition for writ of habeas corpus after fully exhausting her state remedies, she is certainly free to write to the District Court and request that this item be assigned a new docket number and be treated as a new petition for writ of habeas corpus. We emphasize, however, that whether Carrascosa has now fully exhausted her state remedies in view of the Appellate Division's recent decision is a matter for the District Court to decide in the first instance. We express no view on the matter.

For the foregoing reasons, we will deny the petition for writ of mandamus.