BLD-333                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2852
_____

IN RE: JEROME BLYDEN,
                                              Petitioner

_____
On a Petition for Writ of Mandamus from
the District Court of the Virgin Islands
(Related to D.C. Crim. No. 3-09-cr-00020-002)

_____

Submitted Pursuant to Fed. R. App. Pro. 21
September 11, 2015

Before:   AMBRO, JORDAN and KRAUSE, Circuit Judges

(Filed: September 18, 2015)
_____

OPINION*
_____

PER CURIAM

        Jerome Blyden has filed a petition for writ of mandamus.  For the reasons that

follow, we will deny the petition.

        Blyden was convicted following a jury trial in the District Court of the Virgin

Islands of assault with a dangerous weapon in aid of racketeering activity, in violation of

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

18 U.S.C. § 1959(a)(3). He was sentenced to a term of imprisonment of 78 months, to be followed by three years of supervised release. We affirmed the criminal judgment, see United States v. Blyden, 431 F. App'x 133 (3d Cir. 2011). The United States Supreme Court denied Blyden's petition for writ of certiorari on February 21, 2012.

On February 21, 2013, Blyden signed and placed into the prison mailing system a motion to vacate sentence under 28 U.S.C. § 2255, raising these grounds for relief: (1) the District Court lacked subject matter jurisdiction to convict him in the absence of an indictment; (2) bail was excessive; (3) counsel was ineffective in failing to challenge the absence of an indictment, in failing to secure bail, in allowing him to be sentenced for a time-barred act, and in lying to the Court of Appeals; and (4) the District Court erred in calculating the U.S. Sentencing Guidelines range. On September 13, 2013, the United States Attorney answered the § 2255 motion, and the matter then was referred to the Magistrate Judge. On May 13, 2015, the Magistrate Judge submitted a Report and Recommendation, recommending that Blyden's § 2255 motion be denied on the merits. Thereafter, in July, 2015, Blyden was arrested for violating the terms of his supervised release, and the Magistrate Judge appointed counsel to assist him in opposing the Government's petition to revoke his supervised release. Blyden filed several motions pro se either in support of his § 2255 motion or in opposition to his detention.

In an order entered on September 3, 2015, the District Court adopted the Magistrate Judge's Report and Recommendation, denied Blyden's § 2255 motion, and declined to issue a certificate of appealability. On that same day, the Magistrate Judge issued an order denying Blyden's motion for her recusal. In a Judgment entered on

2

September 8, 2015, the District Court revoked Blyden's supervised release, sentenced him to 37 days in prison (time served), and imposed a new term of supervised release of 34 months.

Meanwhile, on August 4, 2015, Blyden filed the instant mandamus petition. He submitted the required motion to proceed in forma pauperis on August 24, 2015. Our Clerk granted him leave to proceed in forma pauperis. Blyden's numerous requests for mandamus relief were, with only a few exceptions, related to the adjudication of either his § 2255 motion or his opposition to the Government's attempt to detain him pending the outcome of his supervised release revocation hearing. Blyden urged us to grant mandamus relief, arguing that the delay in the resolution of his many outstanding motions amounted to a denial of due process.

We will deny the petition for writ of mandamus. To the extent that the District Court has acted during the pendency of the instant petition to dispose of all matters related to Blyden's § 2255 proceedings and his detention pending his revocation hearing, his request for rulings no longer presents a live controversy and is moot. See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1991); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

Two of Blyden's mandamus requests relate to a matter that is still pending before the District Court. We will deny these requests because a writ of mandamus is an

3

extreme remedy that we employ only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). In a motion filed on December 16, 2013, see Docket Entry No. 527, Blyden asked the District Court to enforce its December 10, 2010 order directing the Government to return all seized property; he noted in this motion the property that had not been returned and he noted an improper encumbrance on an escrow account that had not been removed. The Government filed a thorough answer to this motion, see Docket Entry No. 531, and (1) asserted that it was ready to return more property but could not because Blyden was (then) incarcerated and no longer represented by counsel; (2) listed property that already had been returned to Blyden's trial counsel while he was still actively representing Blyden; and (3) asserted that it had no knowledge of any Federal encumbrance relating to an escrow account. On August 29, 2014, Blyden filed a motion to compel the Government to return all seized property, see Docket Entry No. 537, and also filed on the docket a "Notice of Non-Compliance," in which he stated that the following items had not been returned to him: (1) cash in the amount of $1,500; (2) cash in the amount of $93,000 seized from an escrow account held at the Bank of Nova Scotia; and (3) cash in the amount of $12,500 seized from an escrow account held at the Bank of Nova Scotia.

Generally, the management of its docket is committed to the sound discretion of the District Court. In re: Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nevertheless, a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Blyden's most recent motion, see Docket Entry No. 537, seeking to enforce the District

4

Court's December 10, 2010 order directing the Government to return all seized property has been pending now for over 12 months, and this delay has the potential to offend due process. See Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (Court's congested docket did not justify 14-month delay in adjudicating habeas corpus petition); Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978) (District Court's 14-month delay in adjudicating petition following remand from appeals court denied petitioner due process). We are confident, however, that the matter was inadvertently overlooked due to the pendency of more pressing matters related to Blyden's personal liberty -- his § 2255 motion and supervised release revocation hearing -- and thus that the delay in resolving the property dispute is not tantamount to a failure to exercise jurisdiction. Should the District Court decline to rule within 45 days of Blyden writing to that court and requesting a ruling as seems reasonable now that the § 2255 and revocation proceedings have been resolved, Blyden may renew his petition for a writ of mandamus before this Court.

For the foregoing reasons, we will deny the petition for writ of mandamus without prejudice to renewal if the District Court does not rule within the specified time frame.