BLD-070                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3767
_____

IN RE: WILLIAM L. BURRELL, JR.,
                                        Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 3-14-cv-01891)
_____
Submitted Pursuant to Fed. R. App. Pro. 21
December 3, 2015

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: December 17, 2015)
_____

OPINION*
_____

PER CURIAM

        Petitioner William L. Burrell petitions for a writ of mandamus.  For the reasons

that follow, we will deny the petition.

        In his mandamus petition, Burrell contends that he is the victim of a "Trash for

Cash" scheme, in which two notorious businessmen from the Bufalino crime family

compelled the Lackawanna County judges "to misuse Pennsylvania's child support

statute and give illegal sentences to child support obligors, purposely giving them purge

conditions" they could not meet.  Petition, at 1.  Specifically, Burrell contends that,

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

because he could not make his child support payment, he was forced to work in those businessmen's trash factory for just $5.00 per day, in order to be released early from prison. Id. at 1-2. Burrell notes that he filed an in forma pauperis civil action in the United States District Court for the Middle District of Pennsylvania, see Burrell v. Loungo, D.C. Civ. No. 14-cv-01891, complaining about this issue. In his civil action, he contended that there is a conspiracy in Lackawanna County involving the Domestic Relations Section of the Court of Common Pleas, the county's prison, and the county's recycling center. As part of this alleged conspiracy, individuals like Burrell who fail to comply with child support orders are detained and then forced to work in the trash factory/recycling center in deplorable conditions for only $5 per day. Burrell alleged that he was detained from May, 2014 to September, 2014, even though he did not have the ability to keep up with his child support payments.

The District Court has yet to act on Burrell's in forma pauperis motion and thus this civil action cannot proceed. In his mandamus petition, he asks us to order the District Court to grant his motion to proceed in forma pauperis and direct the United States Marshal Service to serve his amended complaint on the defendants. He asserts that his in forma pauperis motion has been pending for nearly 14 months. He also noted that he filed a "Motion to Show Cause" on June 30, 2015, in which he called the delay to the District Court's attention, see Docket Entry No. 26. That motion also remains pending. For additional background, he referred us to his recent interlocutory appeal to this Court,

2

following the denial of his motion for a temporary restraining order, see C.A. No. 15-1027.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," or that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Under the in forma pauperis statute, a federal court may authorize the commencement of a civil action upon the assessment and payment of a partial payment of the filing fee, 28 U.S.C. § 1915(a), (b)(1)-(2), after which "[t]he officers of the court shall issue and serve all process…., id. at § 1915(d). However, notwithstanding an individual's financial eligibility to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that -- * * * (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. at § 1915(e)(2)(B).

In view of the statute's grant of authority to the District Court to dismiss an in forma pauperis complaint without prejudice if proper under 28 U.S.C. § 1915(e)(2)(B), Burrell has not demonstrated that he has a clear and indisputable right to a *grant* of his in forma pauperis motion and service of his amended complaint. Federal courts usually

3

abstain from deciding civil actions such as his where state child support proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise claims, see Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003) (discussing and applying *Younger* abstention doctrine).

Generally, the management of its docket is committed to the sound discretion of the District Court, In re: Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), but a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Burrell's in forma pauperis motion has been pending since he filed his civil action on September 29, 2014, and this delay has the potential to offend due process. See Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (Court's congested docket did not justify 14-month delay in adjudicating habeas corpus petition); Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978) (District Court's 14-month delay in adjudicating petition following remand from appeals court denied petitioner due process). Not all of the delay is, however, attributable to the District Court. On December 23, 2014, Burrell filed a motion for a temporary restraining order, which the District Court denied. On December 31, 2014, Burrell took an interlocutory appeal to this Court, see C.A. No. 15-1027. We ultimately dismissed his appeal on May 5, 2015 for lack of appellate jurisdiction, but the District Court reasonably refrained from acting on Burrell's in forma pauperis motion during the pendency of this appeal in view of the fact that most appeals divest a District Court of its jurisdiction to act. See Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985).

We thus conclude that Burrell has not shown that he is currently entitled to mandamus relief based on undue delay. We are concerned, however, that through his

4

June 30, 2015 "Motion to Show Cause," he has done all that he can to alert the District Court to the delay in his case. We recognize that no action has been taken in this case but we are confident the District Court will adjudicate the habeas petition within a reasonable time. Therefore, we conclude that our intervention is not warranted at this time.