**CLD-034**                                                         **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 16-3993

———————

IN RE: MARIA JOSE CARRASCOSA,

                                    Petitioner

———————————————————

On a Petition for Writ of Mandamus from
the United States District Court
for the District of New Jersey
(Related to D.C. Civ. No. 2-15-cv-05956)

———————————————————

Submitted Pursuant to Fed. R. App. Pro. 21
November 3, 2016

Before: FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 14, 2016)

———————

OPINION[*]

———————

PER CURIAM

    Maria Jose Carrascosa has filed a petition for writ of mandamus.  For the reasons that follow, we will deny the petition.

    In November 2009, Carrascosa was found guilty following a jury trial in the Bergen County, New Jersey Superior Court of eight counts of interference with custody and one count of fourth degree contempt of a judicial order.  On December 23, 2009, Carrascosa was sentenced to an aggregate term of imprisonment of 14 years.  In

———————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

November 2011, the Appellate Division of the New Jersey Superior Court dismissed Carrascosa's direct appeal because of deficiencies in her brief. The Appellate Division then gave Carrascosa until January 27, 2012 to file a proper merits brief or suffer the permanent dismissal of her appeal. Carrascosa did not file a conforming merits brief by this date.

In August 2013, Carrascosa filed a petition for writ of habeas corpus, 28 U.S.C.§ 2254, in the United States District Court for the District of New Jersey, challenging the 2009 conviction and sentence, see Carrascosa v. Warden, D.N.J. Civ. No. 12-cv-05173. The District Judge then assigned to the case, the Honorable Susan D. Wigenton, denied the petition in December 2013. On January 20, 2015, we denied Carrascosa's request for a certificate of appealability, see C.A. No. 14-1074, but noted in our order that the dismissal of the petition was without prejudice to the filing of another habeas corpus petition once state court remedies were exhausted. We subsequently denied Carrascosa's petition for rehearing en banc.

In February 2015, Carrascosa moved in the Appellate Division of the New Jersey Superior Court to reinstate her appeal and to vacate that court's November 2011 dismissal. By order filed on March 18, 2015, the Appellate Division denied her motion. Carrascosa then filed a petition for writ of mandamus in this Court, in which she argued that her habeas corpus case could now proceed because she had no remaining state court remedies. We denied the mandamus petition by way of an opinion filed on June 11, 2015, see In re: Carrascosa, 616 F. App'x 475 (3d Cir. 2015), and noted that Carrascosa could either move to have her habeas corpus case reopened or, more properly, file a new petition in the District Court.

On August 4, 2015, a new habeas corpus case was opened on Carrascosa's behalf by Judge Wigenton at D.C. Civ. No. 15-cv-05956. On August 7, 2015, Carrascosa filed an amended petition, in which she argued that trial counsel was ineffective, that the prosecutor committed misconduct, and that she is actually innocent of the interference and contempt convictions. The State submitted an answer to the petition and the state court record, including the transcripts from the trial. In pertinent part, the State renewed its argument that Carrascosa's claims were barred due to a procedural default, because she knowingly and voluntarily waived her right to counsel on direct appeal and then failed to comply with the state court rules governing the filing of briefs. In the alternative, the State argued that Carrascosa's claims were meritless. On November 25, 2015, Carrascosa submitted a reply to the State's answer.

Carrascosa's habeas corpus petition remains pending in the District Court. However, the civil docket indicates that the case was reassigned by the Chief Judge of the District Court from Judge Wigenton to the Honorable John Michael Vasquez on February 29, 2016.

On September 22, 2016, Carrascosa submitted an affidavit in support of an Order to Show Cause, requesting that the District Court terminate her parole supervision pending the outcome of her habeas corpus case. Carrascosa argued that her sentence of 14 years "was served over 900 days ago," taking into account her good conduct time and a "proper" computation of her sentence.

The instant mandamus petition followed. In it, Carrascosa asks us to direct the District Court to decide her September 22, 2016 Order to Show Cause, or, in the alternative, to decide her habeas corpus petition. Petition, at 1. She argued that her "max

3

date passed **over 900 days ago**," Petition, at 5-6 (emphasis in original), and that, despite having served her sentence, she remains under parole supervision in New Jersey, id. at 6. She further argued that her habeas corpus petition has been pending in the District Court since briefing was completed by the filing of her reply to the State's answer on November 25, 2015. Id. at 8.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is used only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that she has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Carrascosa has not shown a clear and indisputable right to a decision on her September 22, 2016 Order to Show Cause. The Order and supporting affidavit were filed just over a month ago, and, in view of the fact that Carrascosa received a 14-year sentence and that her assertion that her maximum sentence has expired is wholly unsupported and undocumented, she has not shown a clear and indisputable right either to an immediate decision on the Order to Show Cause or to be released from parole. The eleven-month delay in deciding her habeas corpus petition presents a closer question, but the matter was reassigned to Judge Vasquez only seven months ago. Generally, the management of its docket is committed to the sound discretion of the District Court, In re: Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). A writ of

4

mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), and a total delay of eleven months may, in some cases, have the potential to offend due process. See Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (Court's congested docket did not justify fourteen-month delay in adjudicating habeas corpus petition); Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978) (District Court's fourteen-month delay in adjudicating petition following remand from appeals court denied petitioner due process). Here, however, there does not appear to be a mootness problem in relation to the habeas corpus petition, given the length of Carrascosa's 2009 sentence;[1] Judge Wigenton conscientiously managed the filing of Carrascosa's new petition and timely directed an answer from the State; and the matter has been pending before Judge Vasquez for considerably less than eleven months.

We thus conclude that Carrascosa has not shown that she is currently entitled to mandamus relief based on undue delay. We are concerned that, through her September 22, 2016 Order to Show Cause, she has not properly requested a ruling from Judge Vasquez on her habeas corpus petition. We recognize that no action has been taken in this case but we are confident that, if Carrascosa files a motion to expedite the decision on her habeas corpus petition, Judge Vasquez will adjudicate the petition within a reasonable time. Therefore, we conclude that our intervention is not warranted at this time.

For the foregoing reasons, we will deny the petition for writ of mandamus.

---

[1] The Judgment of Conviction submitted with the state court record states that Carrascosa received credit for time served from November 21, 2006 until December 23, 2009, for a total of 1,129 days, but even with this credit of just over three years, Carrascosa's "max date" is not any time soon.