**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1072
_____

IN RE:  AKEEM R. GUMBS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3:11-cr-00021-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 26, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: February 17, 2017)
_____

OPINION[*]
_____

PER CURIAM

Akeem R. Gumbs petitions for a writ of mandamus directing the District Court of

the Virgin Islands to apply Jones v. Shell, 572 F.2d 1278 (8th Cir. 1978), in ruling on his

§ 2255 motion and motion for summary judgment regarding the same.  Gumbs failed to

reference a relevant District Court case number, but his mandamus petition appears to

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

relate to D.V.I. Crim. No. 3:11-cr-00021-001. This is the fourth petition for a writ of mandamus Gumbs has filed in this case; we have denied his three previous petitions. See C.A. No. 16-1452; 16-2689; 16-3904. We will likewise deny this petition.

Mandamus is an appropriate remedy only if a petitioner shows that he has no other adequate means of obtaining the desired relief, and a "clear and indisputable" right to issuance of the writ. Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). "[A] petitioner cannot claim the lack of other means to relief if an appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus." See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006); Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996).

Mandamus is not justified here because Gumbs can obtain an adequate alternative remedy by appealing in due course. If the District Court enters a final order with which Gumbs does not agree, he may timely appeal to this Court and cite whatever legal authority he thinks persuasive and appropriate in support. What he may not do is compel this Court to issue a writ of mandamus as a substitute for the appeals process. See In re Briscoe, 448 F.3d at 212-13. Accordingly, the petition will be denied.