ALD-189                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1814
_____

IN RE: LANDON THOMAS,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 3-19-cv-00021)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 27, 2021
Before: MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: August 5, 2021)

_____

OPINION[*]
_____

PER CURIAM

Petitioner Landon Thomas, seeks a writ of mandamus in connection with his

petition for a writ of habeas corpus filed in the United States District Court for the

Western District of Pennsylvania. For the reasons that follow, we will deny the

mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Thomas must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He has not done so.

In 2015, Thomas pled guilty in the Dauphin County Court of Common Pleas to several robbery charges and was sentenced to 12.5 to 25 years in prison. In February 2019, he filed a habeas petition pursuant to 28 U.S.C. § 2254. On October 14, 2020, the Magistrate Judge issued a Report and Recommendation, recommending that the § 2254 petition be denied. On October 28, 2020, Thomas filed objections to the Report and Recommendation, which remain pending. On April 26, 2021, Thomas filed a petition for a writ of mandamus with this Court seeking an order compelling the District Court to take action on the Report and Recommendation and his objections to it.

Mandamus relief is not warranted here. Although a district court has discretion over the manner in which it controls its docket, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), mandamus relief may be warranted when undue delay by the court is lengthy enough to amount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Thomas filed his objections to the Report and

2

Recommendation approximately seven months ago.  By comparison, when Myers was decided, approximately eight months had passed since the petitioner had filed his objections to the Magistrate Judge's Report and Recommendation, as well as motions to amend the petition and for the appointment of counsel, without any action by the district court.  See Myers, 102 F.3d at 79.  We held that "although this delay is of concern, it does not yet rise to the level of a denial of due process."  Id.; see also Hassine  v. Zimmerman, 160 F.3d 941, 954 n.12 (3rd Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief); cf. Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978) (holding that 14-months delay in ruling on a habeas petition, for no reason other than docket congestion, was unreasonable).

We find no reason at this time to grant the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  We are confident that the District Court will rule on the Report and Recommendation within a reasonable time.  Accordingly, we will deny the petition for a writ of mandamus, without prejudice to Thomas filing another petition if the District Court does not do so.