**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1306
_____

GARY LEAFORD CODNER,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A095-130-504)
Immigration Judge: Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2015

Before: CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Filed: September 11, 2015)
_____

OPINION[*]
_____

PER CURIAM

 Gary Leaford Codner petitions for review of the Board of Immigration Appeals'

final order of removal.  For the reasons that follow, we will deny the petition for review.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

This case is back following a remand. Codner applied for deferral of removal under the Convention Against Torture ("CAT"), see generally 8 C.F.R. § 1208.17, contending that he is gay, and that Jamaica is a homophobic country where the Kingston police either turn a blind eye toward anti-gay violence or actively participate in it.[1] At the heart of this case is the Immigration Judge's credibility determination that Codner did not testify truthfully about his sexual orientation. Following the agency's first adverse decision, we remanded because certain letters from Codner's family and friends in Jamaica, which he submitted on the day of his merits hearing, if they had been considered, might have resulted in a favorable credibility determination. See Codner v. Att'y Gen. of U.S., 550 F. App'x 124 (3d Cir. 2014) (Codner I) (Board, in deciding motion for reconsideration, abused its discretion by not reconsidering underlying merits of petitioner's claim, in view of its and IJ's mistake in seemingly excluding significant, probative evidence).[2]

On July 11, 2014, the Board of Immigration Appeals remanded the matter to the IJ and directed him to give the parties the opportunity to update the evidentiary record and then issue a new decision which comported with our decision. On remand, Codner presented new but similar affidavits and letters from friends and family in Jamaica. After reviewing some of his reasons for finding Codner's claim to be lacking credibility, the IJ specifically addressed the letters, finding them insufficient to establish the credibility of

---

[1] Codner is ineligible for asylum, statutory withholding of removal, and withholding of removal under the CAT because his marijuana conviction, for which he received a sentence of 3-5 years, constitutes a "particularly serious crime."

[2] The Board issued its first final order of removal on April 5, 2013 but Codner did not petition for review of this decision. Codner filed a timely motion for reconsideration with the Board, and, on June 10, 2013, the Board denied it. Codner timely petitioned for review and our jurisdiction in Codner I was confined to the June 10, 2013 decision.

his claim. The IJ found that the timing of the submission was suspect, as the letters were all provided on the day of Codner's hearing, and after he had been placed in removal proceedings for a second time and it had become clear that he was not eligible for adjustment of status. Further, he noted that the letters were from interested witnesses, none of whom was subject to cross-examination, and that each and every letter was similarly signed by the affiants using their first initial and last name, were all certified on the same two dates by the same unknown individual, and none came with an envelope. Last, the IJ reiterated his earlier determination that Codner had been married twice, each time to a woman, and had fathered two children. Again, the IJ gave weight to a letter from Codner's neighbors, Mr. and Mrs. Williams, submitted in support of his adjustment of status proceedings, which stated that Codner was "devastated" by the break-up of his marriage to his first wife, Lisa Monti, but who "came back to life" when he met his second wife, Stephanie Richardson. The IJ also emphasized Codner's dubious testimony that he lived a closeted life in the United States because secrecy was his best security and thus had no letters from sexual partners in the United States, and yet allowed his sexual orientation to be well-known to numerous people in Jamaica, including a police inspector.

Codner appealed the IJ's decision. On January 21, 2015, the Board of Immigration Appeals dismissed the appeal. The Board held that there was no clear error, see 8 C.F.R. § 1003.1(d)(3)(i), in the IJ's finding that the letters submitted by Codner on the day of his merits hearing were entitled to no weight, and that there was no clear error in the IJ's finding that Codner did not testify credibly about his sexual orientation. The Board reasoned that the IJ offered specific and cogent reasons for finding the letters to be

3

suspect, including the timing of the submissions, the fact that the submissions were primarily from interested parties who were not subject to cross-examination, and the fact that every letter was similarly signed by the affiants using their first initial and last name, were all certified on the same two dates by the same unknown individual, and none came with an envelope. The Board also noted that Codner claimed to be closeted in the United States because secrecy was his best security, yet apparently allowed his sexual orientation to be well-known to numerous people in Jamaica, including a police inspector, which, in the Board's view, added to the dubious nature of his claim. The Board rejected Codner's argument that the IJ lacked impartiality and behaved more like a prosecutor, noting that IJ's have the authority to cross-examine an applicant under 8 U.S.C. § 1229a(b)(1).

Codner petitions for review. We must decide whether the agency fully complied with our directive on remand. After the briefing schedule issued, Codner filed a brief pro se, in which he argued, in sum, that: (1) his testimony that he is gay is credible; and (2) he has proved that it is more likely than not that he will be harmed in Jamaica because it is a virulently homophobic country. With regard to his corroborating evidence, he argued:

> [T]he petitioner corroborated the specifics [ ] of his sexual orientation by affidavits that supported past persecution as well as [by] reason of nephew Alrick Bennett['s] death, however, the IJ and the Board ignore[d] tangible corroboration, and probative evidence based on speculative, irrelevant and capricious ossifications.

Appellant's Informal Brief, at 21. Codner argued that the IJ's "refusal to accept the corroborating evidence is beyond understanding." Id. at 27.

We will deny the petition for review. A CAT applicant must show that "it is more likely than not that [he] would be tortured in the proposed country of removal." 8 C.F.R. § 1208.16(c)(3). Kaplun v. Att'y Gen. of U.S., 602 F.3d 260 (3d Cir. 2010), holds that

4

whether future torture was likely turned on two questions: "(1) what is likely to happen to the petitioner if removed; and (2) does what is likely to happen amount to the legal definition of torture?" Id. at 271. The first question is factual; only the second is legal. See id. See also Pieschacon-Villegas v. Att'y Gen. of U.S., 671 F.3d 303, 310 (3d Cir. 2011) (same). The agency denied Codner's CAT application solely on the basis that he did not credibly prove that he is gay. This is an implied finding that nothing is likely to happen to Codner in Jamaica and it is unreviewable. Codner I, 550 F. App'x at 128 (citing Green v. Att'y Gen. of U.S., 694 F.3d 503, 506 (3d Cir. 2012)).

Moreover, the Board's decision denying a motion for reconsideration will not be disturbed unless it was arbitrary, irrational or contrary to law, see, e.g., Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). A motion for reconsideration is a "request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (quoting Matter of Cerna, 20 I. & N. Dec. 399, 402 n.2 (BIA 1991)). We are satisfied that the agency fully complied with our directive on remand and fully reconsidered the underlying merits in view of *all* of Codner's evidence. The IJ offered specific and cogent reasons for finding the letters to be suspect, and, having done so, reasonably assigned them no evidentiary weight, and reasonably determined Codner's claim to be lacking credibility. Considering the restrictive standard of review we must apply regarding the fact-based credibility decision by the IJ (and the IJ's rationale), after careful review of the record, we conclude that the agency's decision was not arbitrary, irrational, or contrary to law.

For the foregoing reasons, we will deny the petition for review. Petitioner's

"Request for Judicial Notice, etc." is denied.

6