BLD-153                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1120
_____

IN RE:  GARY L. CODNER,
                                                        Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the Middle District of Pennsylvania
(Related to M.D. Pa. No. 3-14-cv-02039)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
February 19, 2016

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: March 10, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Gary Leaford Codner has filed a petition for writ of mandamus.  For the reasons

that follow, we will deny the petition.

     Codner, who is now in federal immigration custody in the Pike County

Correctional Facility in Pennsylvania, was convicted of possession with intent to deliver

marijuana, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30), and simple

possession, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(16), and sentenced to a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

term of imprisonment of 3-5 years. Removal proceedings, which had been administratively closed, were reopened. The Immigration Judge found that Codner's conviction under § 780-113(a)(30) rendered him removable under 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.").

Codner applied for deferral of removal under the Convention Against Torture ("CAT"), see 8 C.F.R. § 1208.17.[1] Following the agency's first adverse decision, we remanded, see Codner v. Att'y Gen. of U.S., 550 F. App'x 124 (3d Cir. 2014) (Codner I) (Board, in deciding motion for reconsideration, abused its discretion by not reconsidering underlying merits of petitioner's claim, in view of its and IJ's mistake in seemingly excluding significant, probative evidence).[2] On remand, the IJ again denied relief and, on October 20, 2014, ordered Codner's removal to Jamaica. On January 21, 2015, the Board of Immigration Appeals dismissed the appeal, and Codner timely petitioned for review in this Court.

---

[1] Codner is ineligible for asylum, statutory withholding of removal, and withholding of removal under the CAT because his marijuana conviction constitutes a particularly serious crime under the Immigration & Nationality Act.

[2] We also held in Codner I that Codner's failure to exhaust his administrative remedies with respect to whether he was removable for having been convicted of a violation relating to a controlled substance, deprived us of jurisdiction over this issue. 550 F. App'x at 127 & n.1 (citing 8 U.S.C. § 1252(d)(1); Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir.1989)).

Meanwhile, on October 23, 2014, Codner filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, see Codner v. Johnson, D.C. Civ. No. 14-cv-02039. In this petition Codner argued that his § 780-113(a)(30) conviction was null and void for insufficient evidence in that he did not intentionally violate the state statute, and therefore his removal order, which was based on this conviction, was null and void. In a supplement to the petition, Codner argued that he had been in immigration custody for a prolonged period of time, and that his pre-removal order detention was unlawful under 8 U.S.C. § 1226(c) and our decision in Diop v. ICE/Homeland Security, 656 F.3d 221, 226 (3d Cir. 2011).

The United States Attorney responded to the petition, asserting that Codner was seeking to challenge the decision of an immigration judge who had ordered his removal from the United States, as well as the decision of Immigration & Customs Enforcement ("ICE") officials to detain him pending his removal to Jamaica. The U.S. Attorney argued that the petition should be dismissed because district courts lack jurisdiction to review final orders of removal, and because Codner's current detention was lawful.

In an order entered on March 6, 2015, the District Court dismissed the § 2241 petition in part and granted it in part. The Court held that district courts lack jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(5); thus, the Court lacked jurisdiction to review Codner's challenge to his removal order and underlying argument that his § 780-113(a)(30) conviction was null and void. The Court was persuaded, however, that Codner was entitled to an individualized bond hearing, reasoning that he had been in ICE custody for approximately 30 months, which, in the

3

Court's view, greatly exceeded the average detention period. The Court reasoned that, after we had remanded, the Board waited approximately 6 months to remand the case to the IJ, and then the IJ took slightly more than 3 months to adjudicate the matter. The result was a cumulative delay of more than 2 years between Codner's initial CAT hearing and the IJ's most recent adjudication of his CAT claim. The District Court ordered the Government to provide Codner with an individualized bond hearing to determine if he is a flight risk or danger to the community by April 6, 2015, and ordered the Government to file a notification with the Court that Codner had received the appropriate individualized bond determination by April 13, 2015. The District Court further directed the Clerk to close the case. Neither party appealed this decision.

On April 8, 2015, Immigration Judge Walter A. Durling issued a written decision, concluding that the Government had met its burden of proof under Diop to show that Codner should not be released on bond; Codner's detention was continued. Judge Durling was not persuaded that Codner represented a danger to the community, but he concluded that Codner posed an unreasonable flight risk because, among other things, he had lived in the United States for a substantial part of his life, did not want to leave his family, and had fabricated his CAT claim in order to avoid removal. Judge Durling observed that, although a high bond coupled with an electronic monitoring bracelet might suffice to reduce Codner's risk of flight, where deportable aliens are involved, the Due Process Clause does not require the Government to employ the least burdensome means to accomplish that goal. The Government duly reported Judge Durling's decision to the District Court, and thus the Court's order granting Codner's § 2241 petition was fulfilled.

On September 11, 2015, we denied Codner's petition for review, see Codner v. Att'y Gen. of U.S., 625 F. App'x 166 (3d Cir. 2015) (Codner II) (immigration judge's implied finding that it was unlikely that anything would happen to alien in Jamaica on account of his alleged sexual orientation was not reviewable, and Board did not abuse its discretion in denying his motion for reconsideration). It does not appear that Codner pursued review in the United States Supreme Court and he is thus now subject to removal.

At issue here, on January 20, 2016, Codner filed a petition for writ of mandamus in this Court, in which he argues that the District Court's recent inaction in his case is a violation of his right to due process. He has specifically called our attention to his post-judgment effort to amend his § 2241 petition. Petition, at ¶ 9. Accordingly, we note that, on December 21, 2015, over 8 months after the Government had fulfilled the conditions of the District Court's March 6, 2015 order granting Codner's § 2241 petition in part, he submitted an item in D.C. Civ. No. 14-cv-02039, which purported to be an amended petition for writ of habeas corpus. In this amendment, Codner noted our September 11, 2015 decision denying his petition for review and sought to raise a new claim concerning his *post-removal* order detention under 8 U.S.C. § 1231(a) and Zadvydas v. Davis, 533 U.S. 678 (2001). Codner argued that he has been in detention for approximately 40 months now, and still ICE has not obtained travel documents which would allow him to be removed to Jamaica. Codner also argued that, because he did not intentionally violate § 780-113(a)(30), the conviction is null and void, and therefore his removal order, which is based on this conviction, is null and void. Codner asks that we order the District Court to act immediately on his post-judgment request for leave to amend his habeas corpus petition, and/or that we void his removal order and current detention. Codner also has

5

filed a motion for a stay of removal. We have been advised by ICE that Codner is scheduled for removal on March 10, 2016.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is used only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Codner has no clear and indisputable right to have his removal order voided. Under the Real ID Act of 2005, section 1252(a)(5) was added to eliminate not only habeas corpus review of final orders of removal, but also review pursuant to the All Writs Act. See 8 U.S.C. § 1252(a)(5). See also 8 U.S.C. §§ 1252(b)(9) & 1252(g). Moreover, Codner had other adequate means to obtain review of his removal order and he took advantage of those other adequate means, including appeals to the Board of Immigration Appeals and to this Court. Mandamus, with its "exceedingly narrow" scope of review, is not a substitute for an appeal. In re: Chambers Development Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998) (quoting In re: Ford Motor Co., 110 F.3d 954, 964 (3d Cir. 1997)).

We also will not order the District Court to rule on Codner's December 21, 2015 motion for leave to amend his § 2241 petition to add a new claim challenging his post-removal order detention under § 1231(a) and Zadvydas. Generally, the management of its docket is committed to the sound discretion of the District Court, In re: Fine Paper

6

Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). A writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990), for example, the Tenth Circuit Court of Appeals held that the district court's congested docket did not justify a 14-month delay in adjudicating his habeas corpus petition, and in Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978), the Eighth Circuit Court of Appeals held that the district court's 14-month delay in adjudicating a petition following a remand denied the petitioner due process. Codner's motion for leave to amend has been pending for just over 2 months, and that amount of delay is neither inordinate nor tantamount to a failure to exercise jurisdiction. Moreover, Codner is scheduled for removal on March 10, 2016, which we note is within 6 months of our decision denying his petition for review, see Zadvydas, 533 U.S. at 701 (construing 8 U.S.C. § 1231(a)(6) to limit post-removal order detention to period reasonably necessary to bring about alien's removal, generally no more than six months).

For the foregoing reasons, we will deny the petition for writ of mandamus. The motion for a stay of removal is denied as moot.