**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1411
_____

GARY LEAFORD CODNER,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-130-504)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 9, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gary Leaford Codner came to the United States in 1997 and overstayed his visa. The Government first charged him as removable in 2002, but his case was administratively closed as it appeared that he would be able to adjust his status on the basis of a bona fide marriage. The proceedings to remove him to Jamaica were reopened on a new charge after he was convicted of possession with intent to deliver marijuana, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30), and simple possession, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(16), and sentenced to a term of imprisonment of three to five years. Codner sought asylum, statutory withholding of removal, and withholding and deferral of removal under the Convention Against Torture ("CAT") based on a claim that he would be mistreated in Jamaica because of his sexual orientation (he stated that he was gay).

The Immigration Judge ("IJ") concluded that Codner's conviction under § 780-113(a)(30) rendered him removable under 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."). The IJ further ruled that Codner was ineligible for all but CAT deferral of removal because his conviction constituted a particularly serious crime. The IJ denied the deferral application, however, on the basis that Codner did not testify truthfully about

his sexual orientation. The Board of Immigration Appeals ("BIA") dismissed Codner's appeal. Codner then sought reconsideration of the decision, which the BIA denied. This Court vacated and remanded the matter for further consideration. See Codner v. Att'y Gen. of U.S., 550 F. App'x 124 (3d Cir. 2014) (per curiam). On remand, the IJ again denied relief and the BIA dismissed Codner's subsequent appeal. Codner filed another petition for review, which this Court denied. See Codner v. Att'y Gen. of U.S., 625 F. App'x 166 (3d Cir. 2015) (holding that the agency's decision was not arbitrary, irrational, or contrary to law).

Codner returned to the agency and, in December 2015, filed another motion, arguing that it was a gross miscarriage of justice for the agency to have entered his order of removal. He primarily challenged the use of his conviction for possession of marijuana as the basis for his removal order, arguing that its *mens rea* was insufficient. He also asked the BIA to consider an FBI identification record that described him as a United States citizen born in the U.S. Virgin Islands. R. 3 & 5.

The BIA concluded that whether Codner's motion was a motion to reopen or a motion to reconsider, it was time- and number-barred. The BIA ruled that Codner had not shown that an exception to the time or numerical limit applied. Additionally, the BIA stated that Conder had not shown an exceptional circumstance warranting sua sponte reopening. The BIA explained that it did not have the authority to look beyond the

record of conviction to determine the guilt or innocence of someone in removal proceedings.

Codner presents a petition for review. He repeats his challenge to the entry of the original order of removal, including the use of his marijuana conviction. He maintains that the entry of the removal order was a gross miscarriage of justice. Additionally, Codner presents his claim of citizenship based on "birth established U.S. Virgin Islands." The Government seeks to dismiss the petition for lack of jurisdiction, arguing that Codner is a criminal alien who does not raise any colorable legal or constitutional issues. Alternatively, the Government opposes the petition.

In light of the basis for Codner's removal, our jurisdiction is limited; however, we retain jurisdiction over constitutional claims and questions of law.[1] See Pierre v. Att'y Gen. of the U.S., 528 F.3d 180, 184 (3d Cir. 2008) (en banc) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)); see also Silva-Rengifo v. Att'y Gen. of the U.S., 473 F.3d 58, 63 (3d Cir. 2007) (citing Kamara v. Att'y Gen. of the U.S., 420 F.3d 202, 210-11 (3d Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts").

---

[1] To the extent that Codner directly challenges the BIA's earlier orders, we lack jurisdiction to review them as this petition was filed far outside the 30 days permitted by statute, see 8 U.S.C. § 1252(b)(1). See Vakker v. Att'y Gen. of the U.S., 519 F.3d 143, 146-47 (3d Cir. 2008) (explaining that the time limit is mandatory and jurisdiction). A petition for review of the BIA's most recent order cannot serve as a challenge to an earlier order. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F. 2d 1028, 1033 (3d Cir. 1986).

Codner's focus on a claim of a gross miscarriage of justice seems best understood as an argument that he presented an exceptional situation to the BIA that warranted reopening sua sponte, namely that he is not removable or that his removal would result in a gross miscarriage of justice.[2]  See In re Beckford, 22 I. & N. Dec. 1216, 1219-20 (BIA 2000); id. at 1222 (Rosenberg, J., dissenting).  We can review the BIA's ruling on whether a petitioner has shown an "exceptional situation" or, stated otherwise, whether a petitioner has established a prima facie case for sua sponte relief.  See Cruz v. Att'y Gen. of the U.S., 452 F.3d 240, 250 (3d Cir. 2006).

However, we conclude that BIA did not abuse its discretion in declining to reopen sua sponte.  First, unlike in Cruz, there is no real indication that the BIA was ignoring a general policy it has established.  See Cruz, 452 F.3d at 246 n.3 & 249-50; cf. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).  And even if the BIA has a policy that a person who could show that he is not actually removable as charged presents an exceptional circumstance, see In re Beckford, 22 I. & N. Dec. at 1219, the BIA did not abuse its discretion in concluding that Codner could not make that showing.  As the BIA noted, it was not obligated to look beyond the record of conviction.  Furthermore, to the extent that Codner was somehow relying on the record to claim that he was not

---

[2] Codner does not challenge the conclusion that his motion was time- and number-barred. Even if he did, we would conclude that the BIA's conclusion was correct.  See 8 U.S.C. § 1229a(c)(6)(B) & (7)(A); 8 C.F.R. § 1003.2(b)(2) & (c)(2); see also Codner, 550 F. App'x at 128 (characterizing one of Codner's earlier filings as a true motion for reconsideration at least in part).

5

removable because the Government committed errors or did not meet its burden, those arguments cannot show exceptional circumstances under the BIA's precedent. See In re Beckford, 22 I. & N. Dec. at 1218.

We must reject Codner's other claim, of "birth established U.S. Virgin Islands." Although the BIA did not discuss the claim, we consider it pursuant to 8 U.S.C. § 1252(b)(5), which provides that: (A) if a petitioner claims to be a national and the "court of appeals finds from the pleadings and affidavits that no genuine issue of material fact" exists about his nationality, the court shall decide the nationality claim; or (B) if, alternatively, the court finds that there is a genuine issue of material fact about his nationality, the court shall transfer the matter to the district court for a hearing. 8 U.S.C. § 1252(b)(5)(A), (B). Although the FBI document describes Codner's birthplace as the U.S. Virgin Islands, the document, which is a compilation, not a source, of data, see 28 C.F.R. § 16.31, does not put in dispute Codner's Jamaican nationality, given the wealth of evidence about it in the record. The record is rife with evidence of Codner's Jamaican citizenship (including documents like his birth certificate, marriage registrations, and passport, and his own statements in pleadings in the immigration proceedings and in applications for relief or immigration benefits). Accordingly, we conclude that there is no genuine issue of material fact exists about Codner's Jamaican nationality.

For these reasons, we deny the petition for review. The Government's motion to dismiss the petition for lack of jurisdiction is denied.